UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Terrence Wilson ) | |
| ) | |
| Plaintiff, ) | Case No. 21-cv-06391 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| Jadamo Corp., d/b/a Kurah Mediterranean ) | |
| Tapas, and Malik Jawad, individually ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER AND OPINION**

Plaintiff Terrence Wilson filed an amended XII-count complaint against Defendants Jadamo Corp. d/b/a Kurah Mediterranean Tapas ("Jadamo") and Malik Jawad, alleging failure to pay minimum wage, failure to pay overtime wages, failure to pay agreed upon wages, unlawful termination, and retaliatory discharge in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Cook County Minimum Wage Ordinance, Cook County Ill. Municipal Code § 42-11 *eq seq.* ("Cook County Ordinance"), the Chicago Minimum Wage Ordinance, Chicago Municipal Code § 1-24 *et seq.* ("Chicago Ordinance"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"). Defendants have moved to dismiss Counts I through VIII pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, the Court denies Defendant's motion [28] to dismiss Wilson's complaint.

**Background**

For the purposes of assessing Defendants' motion to dismiss, the Court accepts the following facts as true. Defendant Jadamo is an Illinois corporation that owns and operates

1

restaurants. It previously operated Kurah Mediterranean Tapas Restaurant. Defendant Jawid is Jadamo's owner. In approximately August 2019, Defendants hired Wilson to work as Jadamo's general manager. His responsibilities included "placing food, liquor, and linen orders, picking up food orders, overseeing the company's payroll, including calculating tips, scheduling employees, carrying out the hiring and firing decisions made by Jawid, and general management." [Dkt 19, ¶ 22]. Wilson was hired with a salary of $55,000 annually, or $4,583.34 monthly. Plaintiff agreed to work "at least 40 hours per week." [Dkt. 19, ¶ 25]. Plaintiff alleges that each of his shifts lasted 12.5 hours, and he worked six days per week from August 1, 2019 to August 23, 2019, and seven days a week from August 23, 2019 to October 27, 2019. [Dkt. 19, ¶ 27].

On September 5, 2019, Defendant paid Plaintiff $7,283.34 for work performed in August, 2019, "inclusive of all travel expenses totaling $2,700." Plaintiff alleges that this was the last time he was paid, and that he did not receive promised wages for September and October 2019 totaling $9,166.68.

Plaintiff alleges that Defendants' failure to pay him after September 5 violates a number of federal, state, and local laws. First, Plaintiff alleges that the failure to pay constitutes a violation of minimum wage laws, including the FLSA, IMWL, Cook County Ordinance, and Chicago Ordinance (Counts I-IV). Second, Plaintiff alleges that Jadamo failed to pay required overtime wages in violation of the FLSA, IMWL, Cook County Ordinance, and Chicago Ordinance (Counts V-VIII). Third, Plaintiff alleges that the failure to pay violated Defendant's obligation under the IWPCA to pay agreed-upon wages (Count IX). Fourth, Plaintiff alleges that Defendant terminated him in retaliation for complaining about unpaid wages, in violation of anti-retaliation provisions in the FLSA and IMWL (Counts X-XI). Fifth, Plaintiff alleges that Defendants committed retaliatory discharge in violation of the IWPCA (Count XII).

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

Defendant moves to dismiss Counts I through VIII.[1] Defendants appear to content that Plaintiff is exempt from the minimum wage and overtime provisions contained in the FLSA, IMWL, Cook County Ordinance, and Chicago Municipal Ordinance. The FLSA's minimum wage and overtime requirements contain an exemption for anyone "employed in a bona fide executive, administrative, or professional capacity." 19 U.S.C. § 213(a)(1). An executive employee, generally, is an employee:

> (1) Compensated on a salary basis pursuant to § 541.600 at a rate of not less than $684 per week …
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> (3) Who customarily and regularly directs the work of two or more other employees; and
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

---

[1] The court construes Defendants' motion as concerning Counts I through VIII. Although Plaintiff correctly notes that the motion does not specify which counts it seeks to dismiss, the court construes the motion as implicating the minimum wage and overtime claims contained in Counts I through VIII. The remaining counts, which are not addressed in Defendants' Motion to Dismiss, are also not dismissed.

An administrative employee, generally, is an employee:

> (1) Compensated on a salary or fee basis pursuant to § 541.600 at a rate of not less than $684 per week …
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

The burden to establish that an employee is covered by an exemption to the FLSA is on the employer. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Schaefer-LaRose v. Eli Lilly & Co.*, 679 F.3d 560 (7th Cir. 2012). The exemptions are narrowly construed against employers. *Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658, 660 (7th Cir. 2011).

Although the court wonders if Wilson might indeed be an exempt administrative or executive employee, defeating some or all of his minimum wage and overtime claims, the court cannot entertain dismissal at this time. Defendants have simply failed to meet their burden. Defendants' barebones brief does not lay out *any* argument, let alone a persuasive one, that Wilson was an exempt administrative or executive employee. *See Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir.1996) ("Given our adversarial system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."). Defendants merely state, without citation, that the FLSA, IMWL, Cook County Ordinance, and Chicago Ordinance contain exemptions for executive and administrative employees, and lay out, again without citation, the general requirements to meet these exemptions. Defendants do not broach the voluminous body of administrative regulations and case law regarding these particular exemptions, nor do they make any attempt to apply the relevant law to the facts at hand. Any argument regarding Wilson's exemption from minimum wage or overtime laws is thus waived.[2]

---

[2] Because Defendants' arguments are waived, the court need not address Plaintiff's contention that it is premature to address FLSA exemptions at the motion to dismiss stage in the absence of a developed factual record. The court takes

4

*See Tyler v. Runyon*, 70 F.3d 458, 464–65 (7th Cir.1995) (deeming argument waived because litigant and attorney failed to cite case law or statutory authority); *U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived...."). Defendants' Motion to Dismiss Counts I through VIII is denied.

**Conclusion**

Based on the foregoing, the Court denies Defendants' partial motion to dismiss [28].

IT IS SO ORDERED.

Date: 2/1/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

---

no position regarding whether such questions are ever eligible for disposition at this stage of litigation, nor on whether the facts contained in Wilson's amended complaint are sufficient to assess his eligibility for protection under minimum wage and overtime statutes.